Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LYNN Z. SMITH, | |
| Plaintiff, | Civil Action No. 18-17515 (ES) (CLW) |
| v. | MEMORANDUM OPINION |
| ANDREA DOBIN, et al., | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court upon *pro se* Plaintiff Lynn Z. Smith's ("Plaintiff") motion for return of food and gas money (D.E. No. 4), which the Court construes as a motion for reconsideration of this Court's denial of Plaintiff's application to proceed *in forma pauperis* (D..E. No. 2). The Court has considered Plaintiff's submissions, and the Court has decided the matter without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons below, Plaintiff's motion for reconsideration is DENIED.

*Background.* On January 14, 2019, the Court issued an Order (the "January 14 Order") denying Plaintiff's application to proceed without prepayment of fees under 28 U.S.C. § 1915. (D.E. No. 2). The Court denied the application based on Plaintiff's annual income relative to the relevant federal poverty level, Plaintiff's omission of probative financial information, and the unreasonable nature of some of Plaintiff's elective expenses. (*See id.*). On January 28, 2019, Plaintiff paid the $400 in court fees and filed the instant motion. (D.E. No. 4).

*Legal Standard.* In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. *Morton v. Fauver*, No. 97-5127, 2011 WL 2975532, at *1 (D.N.J. July 21,

2011) (citing *Bowers v. NCAA*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)). Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration may be based on any of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) a need to correct a clear error of law or to prevent manifest injustice. *United States v. Constant*, 705 F. App'x 67, 69 (3d Cir. 2017) (citing *N. River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not an opportunity to raise new issues or arguments that could have been raised before the original decision was made. *See Interfaith Cmty. Org.*, 215 F. Supp. at 507. Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *Id.*

In considering evidence presented to support a motion for reconsideration, courts should "[a]bsent unusual circumstances . . . reject new evidence which was not presented when the court made the contested decision." *Waller v. Foulke Mgmt. Corp.*, No. 10-6342, 2012 WL 924865, at *1 (D.N.J. Mar. 19, 2012). Rather, on such a motion, the moving party may present only evidence that it "could not earlier submit to the court because that evidence was not previously available." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010). Thus, where the moving party submits an affidavit supporting its motion for reconsideration, courts may properly disregard the affidavit if it "contain[s] evidence that was available prior to the [contested decision]." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

***Analysis.*** Plaintiff does not assert an intervening change in the controlling law. *See Constant*, 705 F. App'x at 69; (D.E. No. 4-1). Plaintiff does not contend that evidence not previously available has become available. *See Constant*, 705 F. App'x at 69; (D.E. No. 4-1). Indeed, Plaintiff urges the Court to consider her applications to proceed *in forma pauperis* granted

by the United States Court of Appeals for the Third Circuit in October 2018, January 2017, and April 2013.  (*See* D.E. No. 4-1 at 1).  The Court will therefore construe Plaintiff's motion as arguing that reconsideration is necessary to correct a clear error of law or prevent manifest injustice.  *See Constant*, 705 F. App'x at 69; (D.E. No. 4-1 at 1 (arguing that the Third Circuit's January 2017 grant of *in forma pauperis* status is particularly probative because the Commissioner of the Internal Revenue Service allegedly waived Plaintiff's fee at the administrative level) & 1-2 (arguing that the January 14 Order violates her due process rights and stating that paying the fee "will literally take food out of [her] child's mouth")).

The Court holds that reconsideration is unwarranted because Plaintiff has not proffered any persuasive reason for the Court to believe there has been a clear error in law or that manifest injustice would be prevented by reconsideration.  *See Constant*, 705 F. App'x at 69; (D.E. No. 4-1).  Plaintiff has not contended that the Court incorrectly recited or misconstrued any fact from her affidavit of poverty.  (*See* D.E. No. 4-1).  Plaintiff has not pointed to any "dispositive factual matter[] or controlling decision[] of law" regarding 28 U.S.C. § 1915 or its application that "were presented to the court but were overlooked" in the January 14 Order.  *See Interfaith Cmty. Org.*, 215 F. Supp. at 507; (D.E. No. 4-1).  Moreover, because Plaintiff's previous motions to proceed *in forma pauperis* were granted summarily by the Third Circuit, the Court cannot glean from those grants any inference that the January 14 Order contains a clear error in law.  (*See* D.E. No. 4-2).

Beyond unfounded speculation that the Court is conspiring with Defendants to deprive Plaintiff of her constitutional rights (*see* D.E. No. 4-1), Plaintiff does not explain how she was denied "the opportunity to be heard at a meaningful time and in a meaningful manner."  *See Miller v. City of Phila.*, 174 F.3d 368, 373 (3d Cir. 1999) (internal quotation marks omitted).  Nor does she explain how this Court "deliberatively and arbitrarily abused its power" to deprive her of "life,

liberty, or property." *See Nicholas v. Pa. State Univ.*, 227 F.3d 133, 138-39 (3d Cir. 2000); (D.E. No. 4-1). Finally, as the reasons listed in the January 14 Order suggest, reconsideration would have no effect on Plaintiff's ability to meaningfully access federal court. (*See* D.E. No. 2); *cf. Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (explaining that the federal *in forma pauperis* statute was enacted to ensure that indigent litigants would have meaningful access to the federal courts). Plaintiff has not shown that manifest injustice would be prevented by reconsideration, and the Court does not believe that it would. *See Constant*, 705 F. App'x at 69.

*Conclusion.* For the reasons above, Plaintiff's motion is DENIED.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**