Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LYNN Z. SMITH,

        Plaintiff,

v.

ANDREA DOBIN, *et al.*,

        Defendants.

Civil Action No. 18-17515 (ES) (CLW)

OPINION

**SALAS, DISTRICT JUDGE**

Before the Court are three motions to dismiss *pro se* plaintiff Lynn Z. Smith's ("Plaintiff") Complaint (D.E. No. 1 ("Complaint" or "Compl.") from defendants Andrea Dobin ("Trustee"), Eli Haltovsky ("Haltovsky"), and the Honorable Michael B. Kaplan and the Honorable Anne E. Thompson ("Judge Defendants") (collectively, "Defendants"). (D.E. Nos. 11, 12, and 27). In addition, the Trustee requests an injunction that would require Plaintiff to seek court approval before filing additional complaints against her. (D.E. No. 11-1 at 13–14). Also before the Court is Plaintiff's motion for default judgment against the Judge Defendants. (D.E. No. 26). Plaintiff filed oppositions to the Trustee and Haltovsky's motions to dismiss on September 3, 2019. (D.E. Nos. 17 and 18). Plaintiff also filed an opposition to the Judge Defendants' motion to dismiss on December 20, 2019, the same day the Court granted a second extension for Plaintiff to respond until January 31, 2020. (D.E. Nos. 32 and 36). Plaintiff filed an additional response on January 31, 2020, which, like her various filings, reflects a twelve-page ramble that blames others for Plaintiff's failure to comport with the Federal Rules. (*See* D.E. No. 39). Accordingly, the Court has considered the parties' submissions and decides the motions without oral argument. *See* Fed.

R. Civ. P. 78(b); *see also* D.N.J. Civ. R. 78.1(b). For the following reasons, the Defendants' motions, except the Trustee's motion to enjoin, are GRANTED and Plaintiff's motion is DENIED.

**I.     Background**

Plaintiff's complaint can be characterized as a mishmash of conclusory allegations regarding a "fraudulent bid-ridding scheme" that was apparently carried out in the U.S. Bankruptcy Court and the U.S. District Court, as well as by those involved in the administration of Plaintiff's bankruptcy estate. (*See generally*, Compl.).[1] For example, Andrea Dobin acted as the trustee of Plaintiff's bankruptcy estate and allegedly engaged in misconduct in carrying out her responsibilities. (*Id.* at 3 ¶ 5). Eli Haltovsky purchased real property previously owned by Plaintiff (the "Subject Property"), and as best as this Court can decipher, Plaintiff attempts to challenge the validity of Haltovsky's purchase of the Subject Property. (*See, e.g.*, Compl. at 3, ¶ 5–6; D.E. No. 12-1 at 2). The Honorable Michael B. Kaplan and the Honorable Anne E. Thompson were judicial officers in Plaintiff's bankruptcy proceeding and her appeal to the U.S. District Court, and were allegedly engaged in non-authorized acts that are unspecified. (*See generally* Compl.; *id.* at 4 ¶ 11; D.E. No. 27-1 at 3). Additionally, the Complaint is logged against Five Star Services LLC, a "demolition company" that is allegedly connected to Haltovsky, which Plaintiff seeks to hold liable for removing personal property from and any damage to the Subject Property. (Compl. at 4 ¶ 7). Plaintiff rambles a garden-variety of generalized grievances in connection with the auction of her home, including, but not limited to, failure to investigate violations of unspecified state and federal law by public officials and offices, and aiding and abetting a fraudulent scheme. (*See generally id.*).

---

[1]     The Court cites to page numbers and paragraph numbers in the Complaint because Plaintiff failed to list paragraphs consecutively. Consequently, the Complaint contains duplicative paragraph numbers.

## II. Legal Standard

### A. Lack of Subject-Matter Jurisdiction

The Court can adjudicate a dispute only if it has subject-matter jurisdiction to hear the asserted claims. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (noting that federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto"). "Rule 12(b)(1) governs jurisdictional challenges to a complaint." *Otto v. Wells Fargo Bank, N.A.*, No. 15-8240, 2016 WL 8677313, at *2 (D.N.J. July 15, 2016), *aff'd*, 693 F. App'x. 161 (3d Cir. 2017). "'A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1) because standing is a jurisdictional matter.'" *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (quoting *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007)).

In deciding a 12(b)(1) motion, "a court must first determine whether the party presents a facial or factual attack because the distinction determines how the pleading is reviewed." *Leadbeater v. JPMorgan Chase, N.A.*, No. 16-7655, 2017 WL 4790384, at *3 (D.N.J. Oct. 24, 2017). "When a party moves to dismiss prior to answering the complaint, as is the case here, the motion is generally considered a facial attack," which "contests the sufficiency of the complaint because of a defect on its face." *Id.* (internal quotation marks omitted). In reviewing a facial attack, the court should consider only the allegations in the complaint, along with documents referenced therein, in the light most favorable to the nonmoving party. *See Constitution Party of Pa.*, 757 F.3d at 358. Thus, the motion is handled much like a 12(b)(6) motion, and allegations in the complaint should be accepted as true. *Leadbeater*, 2017 WL 4790384, at *3.

### B. Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In assessing a Federal Rule of Civil Procedure 12(b)(6) motion, "'all allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference drawn therefrom.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992)). But a reviewing court does not accept as true the complaint's "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions."). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir.2010). Further, "[a] document filed *pro se* is to be liberally construed . . . [and] a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2008) (citations and internal quotation marks omitted).

Finally, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir.2008) (citing *Alston v. Parker*, 363 F.3d 299, 235 (3d Cir. 2004)); *see also Ray v. First Nat'l Bank of Omaha*, 413 F. App'x 427, 430 (3d Cir. 2011) ("A

district court should not dismiss a pro se complaint without allowing the plaintiff an opportunity to amend his complaint unless an amendment would be inequitable or futile.").

### III. Discussion

#### A. The Trustee

##### i. Motion to Dismiss

The Trustee argues that the Court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiff failed to seek leave from the Bankruptcy Court prior to filing the instant action. (D.E. No. 11-1 at 6–11). The Court agrees.

A party "must first obtain leave of the bankruptcy court before it brings an action in another forum against a bankruptcy trustee for acts done in the trustee's official capacity." *In Re VistaCare Group, LLC*, 678 F.3d 218, 224 (3d. Cir. 2012) (citing *Barton v. Barbour*, 104 U.S. 126 (1881)); *see also In re Lin*, No. 14-1373, 2015 WL 1736500, at *3 (D.N.J. Apr. 16, 2015), *aff'd*, 647 F. App'x 107 (3d Cir. 2016); *In re Day*, No. 08-18384, 2014 WL 4271647, at *3–4 (D.N.J. Aug. 28, 2014).

Moreover, it is apparent that the Plaintiff was ***well aware*** of the requirement to seek leave in her bankruptcy proceeding. On December 19, 2018—merely nine days before filing the instant Complaint—Judge Kugler issued an Order in a similar case also initiated by the same Plaintiff, where she alleged that the Trustee engaged in misconduct surrounding the same factual circumstances presently at issue: Plaintiff's bankruptcy proceeding and the foreclosure and sale of her home. *See Smith v. Rabner*, No. 18-11483, at D.E. No. 15 (D.N.J. Dec. 19, 2018) (dismissing Plaintiff's complaint against the Trustee for lack of subject matter jurisdiction because she failed to seek leave from the Bankruptcy Court). Additionally, as Judge Kugler noted, Plaintiff's prior attempts to vacate the Bankruptcy Court's judgments based upon similar claims

against the Trustee have been dismissed by the Third Circuit. *See In re Lynn Z. Smith*, No. 18-3000, 2018 WL 6617891, at *3 (3d. Cir. Dec. 17, 2018) (rejecting Plaintiff's attempt to relitigate her prior bankruptcy proceeding premised on misconduct in the foreclosure proceeding and her personal bias against the Trustee). The Third Circuit also rejected the argument that the Trustee engaged in the alleged misconduct. *Id.* at n. 8.

Accordingly, the Court concludes that it lacks subject matter jurisdiction over purported claims against the Trustee because Plaintiff did not obtain leave from the Bankruptcy Court before filing this action. *See Soni v. Holtzer*, 2007 WL 1521486, at *4 (D.N.J. May 23, 2007) ("[T]his Court lacks subject matter jurisdiction over Plaintiff's claims . . . because Plaintiff failed to obtain leave from the bankruptcy court where her proceedings took place . . ."), *aff'd*, 255 F. App'x 614 (3d Cir. 2007). Thus, Plaintiff's purported claims against the Trustee are dismissed *without prejudice*.[2]

### ii. Motion for an Injunction

The Trustee also moves for an injunction that prevents Plaintiff from filing additional complaints against the Trustee without the Court's permission. (D.E. No. 11-1 at 13–14). Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), district courts may issue an injunction "on litigants who have engaged in abusive, groundless, and vexatious litigation." *Yoder v. Wells Fargo Bank, N.A.*, 765 F. App'x 822, 824 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 253 (2019). In the context of *pro se* plaintiffs, an injunction of this sort must be considered with caution. *See id.*

---

[2] It also bears noting that the Third Circuit has already appeared to address Plaintiff's allegations that the Trustee engaged in misconduct, and summarily found those allegations to be baseless. *In re Lynn Z. Smith*, No. 18-3000, 2018 WL 6617891, at *3 (3d. Cir. Dec. 17, 2018). Thus, the Court warns Plaintiff that continuous and vexatious filings based on the same allegations may subject to her sanctions, such as a prefiling injunction, *see infra* section III.A.ii.

To impose an injunction, district courts must comply with three requirements. First, an injunction "should be entered only in exigent circumstances, such as when a litigant ***continuously abuses*** the judicial process by filing meritless and repetitive actions." *Id.* (citing *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993) (emphasis added). Second, the court must put the litigant on notice and allow her "to show cause why the proposed injunction should not issue." *Id.* Lastly, the injunction "must be narrowly tailored to fit the particular circumstances of the case." *Id.*

Because this Court has not provided Plaintiff with an opportunity to show cause as to why the Trustee's proposed injunction should be denied, it declines to further evaluate the Trustee's request. However, as discussed throughout this Opinion, the Court notes that Plaintiff previously commenced a similar action that contained the same general allegations against many of the same parties, namely, the Trustee and Judge Defendants, which was dismissed. Additionally, Plaintiff has filed a number of appeals and filings on appeal throughout the course of her bankruptcy proceedings that have been denied. *See generally*, *In re Smith*, 757 F. App'x 77. Should Plaintiff file another action premised on alleged misconduct throughout her bankruptcy proceedings and the administration of her bankruptcy estate, the Court will instruct Plaintiff to show good cause as to why she should not be enjoined from filing similar lawsuits. At that point, the Court will consider whether Plaintiff is "continually abusing the judicial process" such that a narrowly tailored pre-filing injunction is necessary. *Grossberger v. Ruane*, 535 F. App'x 84, 86 (3d Cir. 2013).

**B.     Haltovsky**

As best this Court can decipher, Plaintiff generally attempts to challenge the validity of the Haltovsky's involvement and purchase of the Subject Property. (*See generally* Compl.). Haltovsky argues that Plaintiff cannot challenge his purchase of the Subject Property under the

principle of res judicata because the Bankruptcy Court found that he was a good-faith purchaser under 11 U.S.C. § 363(m). (D.E. No. 12-1 at 3). The Court agrees.

Under the doctrine of claim preclusion, a lawsuit is barred where there has been: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Abdullah v. Small Bus. Banking Dep't of Bank of Am.*, 628 F. App'x 83, 84 (3d Cir. 2016) (quoting *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir.1991)).

Moreover, "[t]he Third Circuit has applied the claim preclusion doctrine in the context of bankruptcy proceedings." *I.R.S. v. Patriot Contracting Corp.*, No. 06-2133, 2007 WL 433392, at *8 (D.N.J. Feb. 7, 2007) (collecting cases); *see also In re Target Indus., Inc.*, 328 B.R. 99, 115 (Bankr. D.N.J. 2005) ("[R]es judicata is applicable to final orders issued by the bankruptcy court."). "Although the contours of a bankruptcy case make its application somewhat more difficult than in other contexts, the doctrine of res judicata is fully applicable to bankruptcy court decisions . . . . Moreover, res judicata is applicable to final orders issued by the bankruptcy court." *In re Target Indus., Inc.*, 328 B.R. at 115.

Here, Haltovsky argues that because the Bankruptcy Court issued an order dated July 25, 2018, authorizing the sale of Plaintiff's home at auction, she cannot re-adjudicate the validity of his purchase after the Bankruptcy Court's decision. (*See* D.E. No. 12-1 at 4; D.E. No. 12-2, Ex. D).[3] Significantly, the Bankruptcy Court found that Haltovsky was a good-faith purchaser under 11 U.S.C. § 363(m). (D.E. No. 12-1 at 4–5; D.E. No. 12-2, Ex. D at 3). Moreover, Haltovsky

---

[3] The Court takes judicial notice of several items of public record attached to Haltovsky's motion to dismiss from the underlying Bankruptcy Court proceeding that are integral to the procedural history and are incorporated by reference in the Complaint. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case.").

contends that Plaintiff's motion for reconsideration of the Bankruptcy Court's July 25, 2018 Order was denied and Plaintiff failed to appeal the authorization of sale to the District Court. (D.E. No. 12-1 at 4; D.E. No. 12-2, Exs. G and H).[4] Accordingly, the first and second elements of res judicata are satisfied because the Bankruptcy Court issued a final order in a prior action involving the same parties. *See, e.g.*, *Patriot Contracting Corp.*, 2007 WL 433392, at *8 ("The Court finds that the [Bankruptcy Court's] Order constitutes a final judgment for purposes of *res judicata*."); (*see* D.E. No. 12-2, Ex. E (order authorizing the sale of the Subject Property to Eli Haltovsky)).

Finally, as to the third element, the Third Circuit has stated that "[i]n deciding whether two suits are based on the same cause of action, we take a broad view, looking to whether there is an essential similarity of the underlying events giving rise to the various legal claims." *CoreStates Bank, N.A. v. Huls America, Inc.*, 176 F.3d 187, 194 (3d Cir.1999) (citations and internal quotations omitted). Because the current action against Haltovsky concerns his purchase of the Subject Property, it relates to whether the Bankruptcy Court properly authorized the sale of such property to Haltovsky. Plaintiff may not use this Court as a vehicle to further contest the Bankruptcy Court's decision. Thus, element three is also met.

---

[4] Additionally, Haltovsky relies on findings from the Third Circuit in *In Re Smith*, where Plaintiff appealed a separate action that she filed in connection with the same bankruptcy proceeding underlying this action. 757 Fed. App'x 77 (3d Cir. 2018). The Third Circuit recognized that:

> On May 24, 2018, the Bankruptcy Court entered an order authorizing the Chapter 7 Trustee to sell Smith's home at auction on July 17, 2018. Smith did not appeal that order to the District Court or ask the District Court to stay it, but she filed a motion to stay the auction in her previous appeal to this Court. This Court denied her stay motion on July 16. The auction proceeded and, on July 25, the Bankruptcy Court issued an order authorizing the Trustee to sell Smith's home to the winning bidder. In doing so, the Bankruptcy Court found that the buyer is a good-faith purchaser for value for purposes of 11 U.S.C. § 363(m) and is entitled to the protection thereof. Once again, Smith neither appealed the sale-authorization order to the District Court nor obtained a stay of that order. She renewed her request for a stay with this Court, but we denied it as moot. According to the Trustee, the sale of the home was consummated as of November 1, 2018.

*Id.* 757 Fed. App'x at 81 n.4.

Accordingly, the Court finds that the action against Haltovsky should be dismissed *with prejudice* under the doctrine of res judicata.[5] *See Phillips*, 515 F.3d at 245 ("[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile.").

**C.  Judge Defendants**

**i.  Plaintiff's Motion for Default Judgment**

First, the Court will address Plaintiff's motion for default judgment against the Judge Defendants. (D.E. No. 26).

Plaintiff requested an entry of default on the Judge Defendants on September 27, 2019. (D.E. No. 23). However, the Clerk of Court's quality control message dated October 1, 2019, clearly informed Plaintiff that her request for default could not be granted because she did not effectuate service under Federal Rule of Civil Procedure 4. Nonetheless, Plaintiff filed her motion for default judgment one month later, on November 1, 2019. (D.E. No. 26). In fact, Plaintiff admits in her motion that "[t]he clerk has yet to issue the Entry of Default." (*Id.* at 1).

To receive a judgment of default, a party must first seek the entry of default from the Clerk of Court. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default."). Entry of default judgment is a two-step process; a default judgment may be entered only after the entry

---

[5]  Additionally, Haltovsky moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 8(a) for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). (D.E. No. 12-1 at 7–10). Significantly, a complaint must set forth "a short and plain statement of the claim[s] showing that the [plaintiff] is entitled to relief" (Rule 8(a)(2)), with enough specificity as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).

Here, the Complaint, and Plaintiff's purported opposition to Haltovsky's motion to dismiss (*see* D.E. No. 19), may be fairly characterized as a repetitive rambling of all the apparent wrongs Plaintiff believes have been inflicted upon her by everyone involved in the administration of her bankruptcy estate. (*See generally* Compl.; *see also* D.E. Nos. 17 & 19). Moreover, the Complaint raises five total allegations that mention the Haltovsky specifically. (*See* Compl. at 3 ¶ 6, 4 ¶¶ 7 & 9, 6 ¶ 18 and 7 ¶ 19). Other than general allegations challenging the validity of Haltovsky's purchase of the Subject Property, which the Court dismisses *with prejudice*, it remains unclear if Plaintiff attempts to bring any additional purported claims against Haltovsky. (*See generally id.*).

of default by the Clerk of Court. *See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club*, 175 F. App'x 519, 521, n.1 (3d Cir. 2006) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."); *see also Limehouse v. Delaware*, 144 F. App'x 921, 923 (3d Cir. 2005).

Because the Clerk of Court has yet to file an entry of default, the Court may not entertain Plaintiff's motion for default judgment. Accordingly, Plaintiff's motion for default judgment is denied, *without prejudice*.

### ii. Judge Defendants' Motion to Dismiss

Next, the Court will turn to the Judge Defendants' motion to dismiss the Complaint. (D.E. No. 27-1). The Judge Defendants argue that Plaintiff failed to properly effectuate service under Federal Rule of Civil Procedure 4(i), which requires service on the named defendants, as well as the United States attorney for the District of New Jersey, and the United States Attorney General in Washington, D.C. (*Id.* at 6–7).

Federal Rule of Civil Procedure 4(i)(2) provides that: "To serve a . . . United States officer or employee sued only in an official capacity, a party must serve the ***United States*** and also send a copy of the summons and complaint by registered or certified mail to the agency, corporation, officer or employee." (emphasis added). Moreover, to serve an officer or employee of the United States "in an individual capacity" for acts or omissions that occurred in connection with their official duties "performed on the United States' behalf . . . a party must also serve the ***United States***." Fed. R. Civ. P. 4(i)(3) (emphasis added).

To achieve service on the United States under Federal Rule of Civil Procedure 4(i)(1), a party must serve the summons and complaint to the United States attorney in the district where the action is commenced. Alternatively, a plaintiff may serve an assistant United States attorney, a

designated clerical employee, or the civil-process clerk at the United States attorney's office. Fed. R. Civ. P. 4(i)(1)(A). Additionally, a plaintiff must serve the Attorney General of the United States in Washington, D.C. Fed. R. Civ. P. 4(i)(1)(B); *Gish v. Attorney Gen. U.S.*, 604 F. App'x 119, 120 (3d Cir. 2015).

Consequently, whether suing the Judge Defendants in their official or individual capacities, Plaintiff was required to serve the United States attorney for the District of New Jersey as well as the United States Attorney General in Washington, D.C. Fed. R. Civ. P. 4(i). The docket reflects no attempt by Plaintiff to serve either government official in accordance with Federal Rule of Civil Procedure 4(i). Moreover, Plaintiff was on notice of her failure to comply with Rule 4 on October 10, 2019, when the Clerk of Court advised Plaintiff that her request for default judgment was denied because of insufficient service under Rule 4. Additionally, the Judge Defendants' moving brief similarly put Plaintiff on notice of Rule 4's requirements. (*See* D.E. No. 27-1). Accordingly, for the reasons stated above, Plaintiff's claims against the Judge defendants are dismissed *without prejudice* under Federal Rule of Civil Procedure 4(i).[6]

### D. Five Star Services LLC

"It is well established that, even if a party does not make a formal motion to dismiss, the court may, sua sponte, dismiss the complaint where the inadequacy of the complaint is clear." *Michaels v. New Jersey*, 955 F. Supp. 315, 331 (D.N.J. 1996) (citing, among other cases, *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980)). "While sua sponte dismissal is not a standard practice, it 'is not error . . . provided that the complaint affords a sufficient basis for the court's actions.'" *Mikhaeil v. Santos*, No. 10-3876, 2014 WL 6747103, at *2 (D.N.J. Dec. 1, 2014), *aff'd*, 646 F. App'x 158 (3d Cir. 2016) (quoting *Bryson*, 621 F.2d at 559). Furthermore,

---

[6] In addition, although not directly raised in their motion (*see* D.E. No. 27-1), it appears that Plaintiff's purported claims against the Judge Defendants would be barred under the doctrine of judicial immunity.

"the Court may sua sponte consider whether it lacks jurisdiction over the defendants due to insufficient service of process." *Peters v. U.S. Dep't of Hous. & Urban Dev.*, No. 04-6057, 2006 WL 278916, at *2 (D.N.J. Feb. 1, 2006); *see also Greene v. Sloane*, 783 F. App'x 108, 109 (3d Cir. 2019).

The docket reflects that Plaintiff failed to properly serve Five Star Services LLC. A domestic or foreign corporation, partnership, or other unincorporated association, may be served under Federal Rule of Civil Procedure 4(h)(1) in the United States by either (i) "in the manner prescribed by Rule 4(e)(1) for serving an individual" or (ii) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." *Reddy v. MedQuist, Inc.*, No. 06-4410, 2009 WL 2413673, at *6 (D.N.J. Aug. 4, 2009).

Under Federal Rule of Civil Procedure 4(e)(1), service of process on an individual may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). New Jersey law permits service of process on "any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof." N.J. Ct. R. 4:4–4(a)(6). Moreover, "[i]f service cannot be made on any of these persons," service may be made "on a person at the principal place of business of the corporation in this State in charge thereof," and "[i]f there is no principal place of business with New Jersey," service may

be made "on any employee of the corporation within this State acting in the discharge of his or her duties . . . ." *Id.*

Here, the affidavit of service filed by Plaintiff on July 17, 2019, states that the summons and complaint were left with the wife of an owner of Five Star Services LLC. (D.E. No. 9 at 6). Plaintiff provided no additional information as to whether the wife is authorized to accept service on behalf of Five Star Services LLC, or whether the wife is an employee, trustee, agent or manager of Five Star Services LLC. (*See generally id.*). Moreover, the proof of service filed by Plaintiff does not indicate that the wife was served at Five Star Services LLC's principal place of business. Thus, Plaintiff failed to serve Five Star Services LLC under both federal and New Jersey law. Accordingly, the Court dismisses the action against Five Star Services LLC *without prejudice* for insufficient service. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (stating that *pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants"); *Taveras v. Resorts Int'l Hotel, Inc.*, No. 07-4555, 2008 WL 577291, at *2 (D.N.J. Feb. 29, 2008) ("The Court is aware that Plaintiff is acting pro se; nonetheless, even a pro se plaintiff must follow the Federal Rules.").

## IV. Conclusion

For the foregoing reasons, the Court grants the Defendants' motions to dismiss and denies Plaintiff's motion for default judgment.[7] The Trustee's motion for an injunction is denied. As discussed above, the Plaintiff's Complaint is dismissed *with prejudice* against Haltovsky. For the reasons stated above, all purported claims against the Trustee, Judge Defendants and Five Star Services LLC are dismissed *without prejudice*.

---

[7] Because the Court dismisses all claims for the reasons in this Opinion (*see* supra Part III.A–C), it need not consider additional grounds for dismissal raised by the Trustee and the Judge Defendants, such as insufficient service under Federal Rule of Civil Procedure 4(m). (*See, e.g.*, D.E. No. 11-1 at 11–13).

An appropriate Order accompanies this Opinion.

                                                 *s/Esther Salas*
                                                 **Esther Salas, U.S.D.J.**